IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| JURDIS NELSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 313-022 |
| ) | |
| WILLIAM DANFORTH, Warden, and ) | |
| DIANNE DEES, Deputy Warden of Care ) | |
| and Treatment, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed (doc. no. 9).[1] The Magistrate Judge determined that Plaintiff lied about his filing history under penalty of perjury, specifically by failing to disclose multiple prior cases that he had filed in federal court, including one in which he had been allowed to proceed *in forma pauperis* ("IFP") which was dismissed as frivolous. (Doc. no. 7, pp. 2-3.) As a result, he recommended that this case be dismissed without prejudice as a sanction for Plaintiff's abuse of the judicial process. (Id. at 4.) In his objections, Plaintiff does not dispute the Magistrate Judge's finding that he provided false information about his filing history, but he contends that he has a limited education and that he misunderstood the question on his complaint form

---

[1] While Plaintiff titled his filing as a "Motion to Amend" and it was entered on the docket as such, he also takes issue with the Magistrate Judge's findings in the R&R therein, and the Court thus liberally construes the motion as containing Plaintiff's objections to the R&R.

asking him to disclose his entire federal filing history. (See generally doc. no. 9.)

Upon consideration, the Court finds that Plaintiff's objections lack merit. The question on the form that Plaintiff claims he misunderstood, labeled "B," asks, "While incarcerated or detained in any facility, have you brought any lawsuits in federal court which deal with facts other than those involved in this action?"[2] (Doc. no. 1, p. 2 (emphasis added).) Plaintiff clearly understood the question well enough to disclose one of his prior cases in his complaint, (see id. at 2-3), and he only alleges in conclusory fashion now that he misunderstood the question.[3] The Court therefore finds Plaintiff's belated assertion that he misunderstood this question unavailing. More significantly, Plaintiff offers no explanation for why he also answered question "C" falsely, which asks if the prisoner plaintiff has ever had a lawsuit in which he was allowed to proceed IFP dismissed as frivolous, malicious, or for failure to state a claim, (see id. at 3).

Plaintiff thus provided false information to the Court by declaring, under penalty of perjury, that he had only brought one other federal case, when in fact he had brought several,[4]

---

[2] If there is more than one lawsuit, a prisoner plaintiff is directed to "describe each lawsuit in the space below" and to "describe the additional lawsuits on another piece of paper." (Doc. no. 1, p. 2.)

[3] Notably, the Eleventh Circuit, in an unpublished opinion, specifically rejected the contention that this question on the complaint form was ambiguous. See Hood v. Tompkins, 197 F. App'x 818, 819 (11th Cir. 2006) (*per curiam*).

[4] Plaintiff also asserts that he did not file two of the cases noted by the Magistrate Judge, Nelson v. Zanders, 5:97-cv-00510-HL-CWH (M.D. Ga. Sept. 9, 1998) and Nelson v. Abbott, CV 397-004 (S.D. Ga. Feb. 26, 1997). (See doc. no. 9, p. 1.) Plaintiff offers nothing to verify this assertion, however. Moreover, even if the Court were to assume *arguendo* that Plaintiff did not in fact file these two cases, the Magistrate Judge also identified four other federal cases Plaintiff failed to disclose, including one in which he was allowed to proceed IFP and which was dismissed as frivolous, Nelson v. Keenan, 1:11-cv-02005-AT (N.D. Ga.

and by also declaring that he had not had a case in which he was proceeding IFP dismissed as frivolous or malicious or for failing to state a claim, when he in fact had one such case. Simply put, the Court will not allow Plaintiff to abuse the judicial process and then escape being sanctioned by offering implausible excuses upon the discovery of his dishonesty. See Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998) (emphasizing seriousness of abuse of judicial process that occurs when litigant lies about the existence of a prior lawsuit), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007). In light of these considerations, Plaintiff's objections are **OVERRULED**.

Plaintiff also requests a chance to amend his complaint "to fix whatever [is] wrong." (Doc. no. 9, p. 1.) The Court is aware that a party is allowed to amend his pleading once, as a matter of course, at any time before a responsive pleading is served. See Fed. R. Civ. P. 15(a). However, "allowing Plaintiff to amend his complaint to include the cases cited in the R & R at this time would circumvent the Court's ability to manage its docket by imposing sanctions for providing false information about prior filing history." Brown v. Overstreet, CV 107-113, 2008 WL 282689, at *2 n.2 (S.D. Ga. Jan. 30, 2008). Put another way, to allow Plaintiff to now "acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process." Hood, 197 F. App'x at 819; see also Harris v. Warden, 498 F. App'x 962, 964-65 (11th Cir. 2012) (*per curiam*) (rejecting plaintiff's argument that district court abused its discretion by dismissing his complaint without prejudice as a sanction for abuse of the judicial process before "allowing him 'to correct' his failure to

---

Dec. 1, 2011), (see doc. no. 7, p. 3 & n.4), and Plaintiff does not dispute that he filed those four cases.

3

disclose his prior litigation history."). Plaintiff's motion to amend is thus **DENIED**. (Doc. no. 9.)

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, this case is **DISMISSED** without prejudice as a sanction for Plaintiff's abuse of the judicial process, and this civil action is **CLOSED**.

SO ORDERED this 30th day of May, 2013, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE